# Exhibit A

| | |
|---|---|
| **DURABLE POWER OF ATTORNEY** | **UNITED STATES OF AMERICA** |
| **BY:** NOLAN WILLIE GILL, JR. | **STATE OF LOUISIANA** |
| **TO:** KATHI McCULLOUGH GILL, BRANDON LEE GILL, AND BYRON FRANK GILL | **PARISH OF LIVINGSTON** |

BE IT KNOWN, that on this 18th day of November, in the year of Our Lord, two thousand fourteen (2014),

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the Parish and State aforesaid, and in the presence of the witnesses hereinafter named and undersigned:

PERSONALLY CAME AND APPEARED:

NOLAN WILLIE GILL, JR. (TIN: XXX-XX-7548), a person of the full age of majority and a resident of and domiciled in the Parish of Livingston, State of Louisiana, who declared unto me, Notary, that he has been married but once and then to Kathi McCullough Gill, whose current mailing address is 25549 Winged Foot Court, Denham Springs, Louisiana 70726;

(sometimes hereinafter referred to as "Principal"), who declares that Principal does hereby appoint:

KATHI McCULLOUGH GILL, a person of the full age of majority and a resident of and domiciled in the Parish of Livingston, State of Louisiana, whose current mailing address is 25549 Winged Foot Court, Denham Springs, Louisiana 70726;

AND

BRANDON LEE GILL, a person of the full age of majority and a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana, whose current mailing address is 14415 Market North Drive, Baton Rouge, Louisiana 70810;

AND

BYRON FRANK GILL, a person of the full age of majority and a resident of the Parish of Ascension, State of Louisiana, whose current mailing address is 12285 Plantation Creek Drive, Geismar, Louisiana 70734;

as Principal's Co-Agents (collectively, "my Agent"), **who must act by conjoint majority**, and further declares as follows:

I specifically set aside, revoke and cancel any previous power of attorney I have made.

## ARTICLE I
## DURABILITY

**1.1   Durability.** This agency is "durable" and shall not be deemed revoked by my disability or incapacity. However, this Durable Power of Attorney shall be effective **ONLY IN THE EVENT THAT I AM UNABLE TO ACT ON MY OWN BEHALF.**

_____
NOLAN WILLIE GILL, JR.

Page 1 of 7

## ARTICLE II
## PROPERTY

"Property" means all of my interest in property whether movable, immovable, real, personal, corporeal or incorporeal, tangible, intangible and mixed, wherever located, however acquired, whether owned by me now or hereafter acquired by me or on my behalf by my Agent or by third persons. With regard to Property, and my affairs, my Agent shall have the following power and authority:

**2.1  General Powers.** Have all of the powers that may be conferred upon agents under applicable law. If a question should arise as to whether my Agent has a particular power, this agency shall be liberally construed as granting such power. Should future changes in the law expand the powers of agent, my Agent shall have those expanded powers.

**2.2  Additional Powers.** Without limiting my Agent's powers granted by the preceding paragraph, if those powers do no include the following, my Agent shall also have all of the following powers:

**2.3  Purchases and Sales.** To purchase, sell, exchange, partition or otherwise acquire and dispose of Property, at public or private sale, for such purposes and upon such terms, in such manner, and at such prices as my Agent may determine. My Agent may purchase property by credit sale, obligate me by promissory note to pay for same and secure the note by vendor's lien and mortgage containing such security clauses as my Agent deems just and proper.

**2.4  Operation of Businesses.** To continue to operate or participate in the operation of any of my business interests, so long as my Agent may deem it advisable, and to do anything in connection therewith as my Agent shall deem proper in my Agent's sole discretion.

**2.5  Options.** To grant options affecting my Property for such purposes and periods, upon such conditions, in such manner, and at such prices as my Agent may determine, to exercise them for such price and on such terms and conditions as my Agent may see fit.

**2.6  Servitudes and Easements.** To create servitudes or easements on Property for such purposes and periods, upon such conditions, in such manner, and at such price as my Agent may determine.

**2.7  Leases.** To lease or give options to lease all or any part of the Property for such price, and on such terms and conditions, for such purposes and at such rentals as my Agent may see fit; to enter into, amend or extend all kinds of leases including but not limited to all kinds of predial leases, surface leases, and oil, gas and mineral leases, with or without pooling provisions.

**2.8  Oil, Gas and Other Minerals.** To sell, lease, exchange, partition or otherwise alienate oil, gas or other minerals and interests therein, and the right to explore for them, or options for any of these, by such instruments, in such forms, for such bonus, rentals or other considerations, and for such terms and periods as my Agent may see fit. To invest in, to acquire and retain for so long a period as my Agent may see fit, oil, gas and other mineral leases and rights in and to all gas and other minerals either in the form of mineral interests, royalties or other proprietary or working interest, whether productive when acquired or nonproductive when acquired, whether or not speculative in nature, with or without pooling provisions, to explore or to contract for mineral exploration and to drill and to enter into pooling, utilization, repressurization and any other type of agreement relating to the development, operation and conservation of mineral property.

**2.9  Corporations, Limited Liability Companies, Partnerships.** To cause my Agent (on my behalf) to become a stockholder, member or partner in such corporations, limited liability companies and/or partnerships as my Agent may see fit, whether as a stockholder, member, limited or general partner, or partner in commendam; to continue me or my Agent as a party in any corporation, limited liability company and/or partnership in which I may be a stockholder, member and/or partner or possessed of the right to become a stockholder, member and/or partner; to consent to the continuation of any corporation, limited liability company and/or partnership that might otherwise terminate even though the articles of incorporation, articles of organization or articles of partnership may not provide for continuation.

_____
NOLAN WILLIE GILL, JR.

administrative proceedings, actions, suits, hearings, attachments or sequestrations involving me in any way, including claims by or against me arising out of property damages or personal injuries suffered b or caused by me or under circumstances causing the loss to be borne by me.

   **2.22   Trusts.** To execute trust instruments on my behalf as settlor or co-settlor, provided that I am the sole beneficiary. To make gifts in trust on my behalf to trusts created by my Agent or other trusts. To provide that a trust shall be revocable or irrevocable, and interests in the trust spendthrift or freely alienable. To serve as trustee of any other trust created by or for my benefit. To add my assets to any trust and to revoke or terminate any trust on my behalf. To withdraw or receive the income or principal and to require or demand such withdrawals of any trust.

   **2.23   Fiduciary Offices.** To renounce any fiduciary office to which I may be appointed or elected, including (but not limited to) executor, administrator, personal representative, trustee, tutor, curator, guardian, attorney-in-fact, officer or director of a corporation, member or manager of a limited liability company, or general partner of a partnership-in-commendam or limited partnership. To render such accountings of my activities as may be required.

   **2.24   Taxation.** To represent me in all tax matters including federal income, gift, estate and excise taxes. To prepare, sign and file federal, state or local income, gift and other tax returns of all kinds, including joint returns, FICA returns, payroll tax returns, claims for refunds, requests for extensions of time, petitions to the U.S. Tax Court or other courts regarding tax matters, and all other tax-related documents, including consents and agreements under Section 2032A, Internal Revenue Code, consents to split gifts, closing agreements and any power of attorney form required by the Internal Revenue Service or any state or local taxing authority with respect to any tax year from the year 1975 to the year 2025. To pay taxes due, collect and make such disposition of refunds as my Agent shall deem appropriate; to post bonds, receive confidential information and contest deficiencies determined by the Internal Revenue Service or any other taxing authority. To exercise any elections I may have under federal, state or local tax law; and generally to represent me or obtain professional representation for me in all tax matters and proceedings of all kinds and for any period before any taxing authority. To engage, compensate and discharge attorneys, accountants and other tax, financial advisors and consultants to represent or assist me in connection with any tax matter involving or in any way related to me or any Property in which I have or may have any interest or responsibility.

   **2.25   Gifts.** To make gifts or other gratuitous transfers either outright or in trust (including the forgiveness of debt and the completion of any charitable pledge) to such persons or organizations as my Agent shall select.

   **2.26   Support.** To continue to support any person I have undertaken to support or to whom I may owe an obligation of support. Support may include payment of real property taxes, payments on loans secured by my residence, maintenance of my residence, food, clothing, whether, medical, dental and psychiatric care, normal vacations and travel expenses, eduction, (including education at vocational and trade schools, training in music, stage, arts and sports, special training provided at institutions for the mentally or physically handicapped, preparatory, undergraduate and/or professional study in any field at public or private universities, colleges or other institutions of higher learning) including payment for tuition, books and incidental charges made by the educational institutions, travel costs to and from such institutions, room and board and a reasonable amount of spending money.

## ARTICLE III
## HEALTH CARE

   I give my Agent all powers regarding the following health care matters that I could exercise on my own behalf, if capable of doing so. **My agent may:**

   **3.1   Medical Records.** Have access to any medical information in any form regarding my physical or mental condition, and execute such consents as may be necessary to obtain it.

   **3.2   Professionals.** Retain, compensate and discharge any health care professionals my Agent deems necessary to examine, evaluate or treat me, whether for emergency, elective, recuperative, convalescent or other care.

*[signature]*
NOLAN WILLIE GILL, JR.

**2.10  Borrowing.** To borrow money by obligation either unsecured or secured, in such amounts, for such terms, at such rates of interest or without interest, and in such manner as my Agent may think desirable and to secure such loans by mortgage, pawn or pledge of Property or otherwise, and to mortgage or pledge Property for any period of time my Agent shall think desirable.

**2.11  Lending.** To make loans of Property to such persons, firms, partnerships, corporations or political subdivisions, including businesses or business interest, for such purposes and for such periods, in such amounts and at such rates of interest, with or without security, and subject to such other terms as my Agent may determine.

**2.12  Exchanges.** To exchange Property for other property or to give options to exchange Property upon such terms as my Agent may deem advisable.

**2.13  Retention of Property.** To hold and retain Property in the form received so long as Agent deems advisable, and to purchase and retain securities or other properties, although of a kind or in an amount that would not ordinarily be considered suitable, whether or not such property is productive of income.

**2.14  Improvements.** To raze any buildings or other structures as my Agent may consider expedient; to improve or develop immovable property; to erect, alter, or repair any buildings or other structures and to make any other kind of improvements my Agent may deem proper; to receive, accept, hold, use, control, administer, build upon, manage or otherwise improve, repair, divide or subdivide all or any Property in the manner and to the extent my Agent may deem advisable.

**2.15  Agents and Employees.** To employ or retain such employees, agents and advisors as my Agent may deem necessary, to assist in performing any duties of my Agent, including, but by way of illustration only, investment advice, management advice, and for any other purposes my Agent considers advisable, and to determine reasonable charges for such services and to make payment of Property.

**2.16  Investments.** To make, change and modify investments of my Property as my Agent shall determine in my Agent's sole discretion.

**2.17  Custody and Location of Property.** To keep all or any part of the Property at any place in Louisiana or elsewhere within the United States or abroad with such depositories or custodians at such places as my Agent shall deem necessary or advisable and to have the power to hold securities in the names of nominees.

**2.18  Miscellaneous Agreement.** My Agent may enter into and execute any and all kinds of agreements and documents on my behalf, whether or not specifically described in this instrument.

**2.19  Accounts.** To establish accounts of all kinds, (including checking and savings) for me with financial institutions, including banks, thrift institutions, brokerage firms and credit unions. To modify, terminate, make deposits to and write check on or make withdrawals from and grant security interests in all accounts in my name or upon which I or my Agent are authorized signatories (except accounts held by me in a fiduciary capacity), whether such accounts were established by me or for me by my Agent. To negotiate, endorse or transfer any checks or other instruments with respect to any account; to contract for any services rendered by any bank or other financial institution and to modify or terminate such contracts.

**2.20  Safe-Deposit Boxes.** To contract with any institution for a safe-deposit box in my name. To have access to all safe-deposit boxes in my name or to which I am an authorized signatory (except in a fiduciary capacity) whether or not the contract for such safe-deposit box was executed by me (either alone or jointly with others) or by my Agent in my name. To add to and remove from the contents of any safe-deposit box and to terminate contracts for such boxes.

**2.21  Legal Proceedings.** To institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss and appeal from any and all judicial or

_____
NOLAN WILLIE GILL, JR.

**3.3    Institutionalization.** Admit me to any health care facility recommended by a qualified health care professional, whether for physical or mental care or treatment, and remove me from such institution at any time.

**3.4    Treatment.** Consent on my behalf to tests, treatment, medication, surgery, organ transplant or other procedures, and revoke that consent.

**3.5    Chemical Dependency.** Consent on my behalf to a course of treatment for chemical dependency, whether suspected or diagnosed, and revoke such consent.

**3.6    Pain Relief.** Consent on my behalf to pain relief procedures.

**3.7    Releases.** Release from liability any health care professional or institution that acts on my behalf in reliance on my Agent.

## ARTICLE IV
## PERSONAL CARE

I give my Agent all powers regarding the following personal care matters that I could exercise on my own behalf, if capable of doing so. **My Agent may:**

**4.1    Home Care.** Provide for my continued maintenance and support. As nearly as possible, I desire to maintain my accustomed standard of living. My Agent shall provide me with a suitable place to live, by maintaining me in a residence, paying principal, interest, taxes, insurance and repairs as necessary. My Agent may retain or discharge domestic servants, attendants, companions, nurses, sitters or other persons who provide care for me and my home. My Agent may authorize purchases of food, clothing, medical care and customary luxuries on my behalf.

**4.2    Institutional Care.** If recommended by my physician, my Agent may contract for institutional health care.

**4.3    Religious Needs.** Continue my affiliation with my church, keeping me accessible to its clergy, members and other representatives, continuing and renewing any pledge made by me whether for capital, operations or other purposes, and generally assist me in maintaining my church relationship to the extent my health permits.

**4.4    Companions and Recreation.** Hire, discharge, direct and compensate such companions as may be necessary for health, recreation, travel and general well-being.

**4.5    Organ Donation.** I have registered with the State of Louisiana as an organ donor. I desire that my Executor honor my wishes to donate any and all of my organs and tissues which are suitable for harvesting.

**4.6    Funeral Arrangements.** My Agent is authorized to arrange and contract for my funeral including appropriate arrangements and instructions for my funeral service or memorial service, including purchase of a burial plot or other appropriate disposition of my body. My Agent shall comply with such known written instructions as I may have or leave.

**4.7    Curator or Guardian.** Nominate on my behalf any person my Agent deems qualified (including my Agent) as my curator, undercurator, curator ad hoc, guardian, or conservator or any other fiduciary office I have a right to nominate or designate, waive any bond on my own behalf and grant to that fiduciary or representative any powers that I might extend on my own behalf.

## ARTICLE V
## INCIDENTAL POWERS

To enforce or exercise any of the powers granted in this document and to the extent I could act on my own behalf if capable, **my Agent may:**

_____
NOLAN WILLIE GILL, JR.

      **5.1    Advisors and Employees.** Hire, compensate, instruct and discharge physicians, attorneys, accountants, appraisers, companions, experts, consultants or other advisors, employees or independent contractors my Agent deems necessary.

      **5.2    Communications.** Open, read, respond to and redirect any written communications direct to me; represent me before any postal authority, messenger service, or information service on relevant matters.

      **5.3    Important Documents.** Disclose, copy or deny access to any document; exercies my privilege of confidentiality and generally to care for and protect all information relevant to me, in any form.

## ARTICLE VI
## THIRD PARTIES

To protect third parties who deal with my Agent under powers granted in this agency, third persons may rely on my Agent's act or signature with the same force and effect as though I were personally present and acting for myself. **Accordingly:**

      **6.1    Notice of Amendment or Revocation.** No person dealing with my Agent on my behalf shall be charged with any amendment to this agency or its revocation until actual notice thereof is delivered to the third party.

      **6.2    Reliance.** Until they receive actual notice that this agency has been amended or revoked, third persons may assume that my Agent is acting within the scope of powers granted by me in this agency, and that this agency remains effective. No person who deals with my Agent shall be responsible for my Agent's proper application of funds or property.

      **6.3    Information.** Person who receive requests for information from my Agent are authorized to furnish it, as and when requested. I release them from any and all legal liability for furnishing the information my Agent requests. If that information is privileged, I waive the privilege. My Agent may disclose that information to such others as my Agent may deem appropriate.

## ARTICLE VII
## MISCELLANEOUS PROVISIONS

      **7.1    Expenses.** My Agent shall be entitled to reimbursement for all costs and expenses reasonably incurred on my behalf, but shall not otherwise be entitled to compensation for services rendered.

      **7.2    Nomination.** I nominate my Agent to serve as my curator, undercurator, guardian, conservator and in any similar fiduciary capacity consonant with the powers granted in this agency. If not permitted to nominate my Agent, I nevertheless make the strongest recommendation that my Agent be qualified for all such offices.

      **7.3    Release.** I release and discharge my Agent and my Agent's heirs, successors and assigns from any and all liability to me, my heirs, successors and assigns arising out of any acts or omissions of my Agent, except for willful misconduct or gross negligence. My Agent shall have no responsibility to make my property productive of income, to increase the value of my estate or to diversify my investments.

      **7.4    Applicable Law.** This instrument shall be governed by the laws of Louisiana.

      **7.5    Revocation, Removal, Amendment and Resignation.** This agency may be amended or revoked by me. My Agent may be removed by me at any time by written document delivered to my Agent. If this agency has been recorded in the public records, the act of revocation, amendment or removal shall be filed or recorded in the same manner. My Agent may resign by written resignation delivered to me, or, if I am incapacitated or interdicted, by delivery to any person with whom I am residing or who is responsible for my care.

_____
NOLAN WILLIE GILL, JR.

**7.6   Headings and Captions.** The headings and captions of this instrument are for convenience only and shall not alter the meaning of the provisions hereof.

**7.7   Successor Co-Agent.** If at any time, one of my co-agents has predeceased me, the other two Co-Agents must elect a third person to act as Successor Co-Agent. In the event the two remaining Co-Agents cannot agree upon a third person to act as Successor Co-Agent, each must appoint a legal representative. The two legal representatives shall work together to nominate a Successor Co-Agent who is a professional in a field of law, financial advice or the management of corporate and/or personal affairs.

**THUS DONE AND PASSED,** in my office in Livingston Parish, Louisiana, on the day, month and year herein first above written, in the presence of the undersigned competent witnesses, who hereunto sign their names with the said appearers and me, Notary, after reading of the whole.

**WITNESSES:**

Print Name: JODI RUIZ

Print Name: JESSICA GILL

NOLAN WILLIE GILL, JR.

BRIAN LEE McCULLOUGH
Attorney - Notary Public (LBN #31256)

**ACCEPTED:**

KATHI McCULLOUGH GILL
Co-Agent

BRANDON LEE GILL
Co-Agent

BYRON FRANK GILL
Co-Agent

BRIAN L. McCULLOUGH
NOTARY PUBLIC
BAR ROLL NO. 31256
STATE OF LOUISIANA
My Commission for Life

NOLAN WILLIE GILL, JR.